Filed 8/1/14  P. v. Mucetti CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT MARIO MUCETTI,<br><br>    Defendant and Appellant. | D064109<br><br><br><br>(Super. Ct. No. SCN316116) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim Von Kalinowski, Judge.  Affirmed, and remanded with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Robert Mario Mucetti of unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a)).  Mucetti admitted four prior felony convictions and two prison priors (Pen. Code, § 667.5, subd. (b)).

The trial court denied probation and sentenced Mucetti to five years; the first two years to be served in local custody and the remaining three years in mandatory supervision.

Mucetti appeals challenging only the denial of his request for probation. Mucetti recognizes he was presumptively ineligible for probation because of his prior felony convictions, but argues his was an unusual case and that the trial court abused its discretion in denying probation. We will find the trial court acted well within its discretionary authority and affirm the denial of probation. However, the parties agree that the abstract of judgment does not accurately reflect the custody credits awarded by the trial court. We will direct the trial court to amend the abstract of judgment.

## STATEMENT OF FACTS

Since Mucetti does not challenge either the sufficiency or the admissibility of the evidence to support his conviction, we will include only a brief summary of the facts of the offense in order to provide context for the discussion which follows.

On February 1, 2013, Mucetti was allowed to drive his mother's SUV on the condition that he bring it back within three hours. He did not bring the SUV back. Mucetti's mother (Ms. Maurizio) saw him with the vehicle two days later and again demanded that he return it to her, however, he drove off. Eventually, Ms. Maurizio called police and Mucetti was arrested on February 25, 2013, still in possession of the SUV.

## DISCUSSION

Mucetti contends the trial court abused its discretion in finding this was not an unusual case, thus denying his request for probation. Mucetti principally argues the

2

nature of this crime, taking the SUV from his mother, is sufficiently minor as compared to other car thefts, that this case is indisputably "unusual," thus denying probation was an abuse of discretion. We are not persuaded.

## A. Legal Principles

The decision to grant or deny probation is vested in the sound discretion of the trial courts. Such decision will not be overturned on appeal unless the record demonstrates the trial court's " 'decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Stuart* (2007) 156 Cal.App.4th 165, 179; *People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Penal Code section 1203, subdivision (e)(4) provides that "[e]xcept in unusual cases where the interests of justice would be best served if the person is granted probation, probation shall not be granted" to a person with two or more prior felony convictions. The trial court's determination that a case is or is not unusual is reviewed for abuse of discretion. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.)

The analysis of whether a case is "unusual" includes not only consideration of the offense, but also the offender. (Cal. Rules of Court, rule 4.413(c)(2)(A)-(C).) Thus in order to evaluate an exercise of discretion we must examine the sentencing record, the nature of the offense and the offender's criminal history.

## B. Analysis

Most people could reasonably agree the theft in this case does not represent the crime of the century. Mucetti's mother did not want to involve police and did not want the case prosecuted. The SUV was returned undamaged. It is the relatively minor nature of the offense which Mucetti relies upon to claim the trial court abused its discretion.

3

However, although the trial court recognized the nature of this particular crime, it was also keenly aware of Mucetti's dismal criminal history.

Mucetti has suffered four felony convictions, including vehicle theft, grand theft, possession of drugs and possession of a firearm by a felon. He has been granted probation in the past, only to have it revoked. He has served a prison term and violated the terms of his parole. Mucetti minimizes his criminal history. He notes his vehicle theft conviction was in 1987 and the grand theft conviction in 1998. Thus he contends his theft convictions are "old." Mucetti understates the significance of his criminal history.

Since 1994, Mucetti has been convicted of petty theft (1994); being an unlicensed driver (1994); corporal injury on a spouse (1997); unlicensed driver (1998); grand theft (1998); false identity to a police officer (2001); felon in possession of a firearm (2004); possession of a controlled substance (2007); and possession of a controlled substance, with a prison sentence (2008). The best that can be said for Mucetti is that since he was released from prison after the 2008 conviction, he had not received another conviction until the current offense in 2013. Hardly a basis for celebration.

It seems rather obvious from the record, that a reasonable trial judge could construe Penal Code section 1203, subdivision (e)(4) and the relevant rules of court to indicate this was not an unusual case, which would overcome the presumption that Mucetti was not eligible for probation. Perhaps another trial judge might have reached a different conclusion, which only demonstrates that the trial court's sentencing discretion is very broad.

4

This record does not come close to demonstrating an abuse of discretion. The sentence was lawfully imposed.

## C. Credits

The parties correctly note that the abstract of judgment does not accurately reflect the custody credits awarded to Mucetti. Thus we will direct the trial court to amend the abstract of judgment to reflect 131 days of actual presentence custody and 130 days of conduct credits for a total of 261 days.

## DISPOSITION

The trial court is directed to amend the abstract of judgment in accordance with the views expressed in this opinion. In all other respects the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McINTYRE, J.


AARON, J.

5